**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAULO DUT ARUAI** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JEFFREY MALLOZZI, ANN CORNELL,** | : | |
| **STEVEN J. O'NIELL, ERIK CROCKER and** | : | |
| **ROBERT FALIN** | : | **NO. 14-2320** |

**MEMORANDUM OPINION**

**Savage, J.**                                                                 **July 21, 2014**

This *pro se* civil rights action brought under 42 U.S.C. §§ 1983, 1985, 1986 and 1988, arises out of the plaintiff Paulo Dot Aruai's arrest and prosecution for reckless endangerment, terroristic threats and public drunkenness, violations of the Pennsylvania Crimes Code.  He has named as defendants Lansdale Borough, the municipality that employed the police officer who arrested him; Jeffrey Mallozzi, the arresting Lansdale police officer; *The Reporter*, the newspaper that published two articles reporting Aruai's criminal proceedings; Ann Cornell, the editor of *The Reporter*; the Honorable Steven T. O'Neill, the trial judge who presided over Aruai's trial; Eric Crocker, the former Assistant District Attorney who prosecuted Aruai at trial; and Robert Falin, the Deputy District Attorney who represented the Commonwealth on Aruai's appeal.  Aruai contends that the defendants O'Neill, Crocker and Falin violated his constitutional rights when they prosecuted and convicted him for public drunkenness despite insufficient evidence.  He alleges that the defendants *The Reporter* and Cornell ("Reporter defendants") violated his constitutional rights when they published articles about the criminal proceedings resulting in a conviction that has since been overturned.

According to Aruai, the defendants engaged in a civil conspiracy to deprive him of his constitutional rights because of his race.

Crocker, Falin and O'Neill have moved to dismiss the complaint, invoking prosecutorial and judicial immunity. The Reporter defendants move to dismiss for failure to effectuate service and to state a claim. They argue that they are not "state actors" for purposes of § 1983, Aruai's claims are time-barred and there are no facts alleged to support a § 1985(3) conspiracy claim.

We conclude that Aruai has failed to state a claim against the Reporter defendants. The prosecutors and the trial judge are entitled to immunity. Therefore, we shall grant their respective motions to dismiss.

## Background

The Superior Court of Pennsylvania, which vacated Aruai's conviction, summarized the facts leading to Aruai's arrest as follows:

> On January 15, 2012, Officer Jeffrey Mallozzi of the Lansdale Borough Police Department received a call at approximately 11:23 p.m. to go to the Junction House Pub located at 115 Walnut Street in Lansdale for report of an armed subject. Kristin Hamilton, the bartender[,] called the police after an argument took place between two patrons.
>
> The events leading up to the police call were as follows. Steven Boos was on his way home from work and decided to stop at the Junction House Pub to watch a football game. As he sat down, he noticed an argument occurring behind him between [Aruai], another man, and a woman. In an effort to defuse the argument, Mr. Boos invited [Aruai] to come have a beer with him at the bar. Upon sitting down and having a drink, the conversation between Mr. Boos and [Aruai] began to escalate into an argument. After [Aruai] expressed to Mr. Boos, "I got a gun in my bag, I'm going to shoot you," a scuffle occurred while each was trying to grab hold of [Aruai's] bag. [Aruai] was ultimately asked to leave the bar so he went across the street to the train station. To no avail, he tried to re-

enter [the bar] to use the restroom.  That is when Ms. Hamilton called the
police to ensure that he would not try to re-enter the bar again.

Upon arriving at the train station, Officer Mallozzi saw [Aruai],
approached him, and asked him to remove his hands from his pockets.
[Aruai] was handcuffed and the officer explained why he was being
detained.  A [Smith & Wesson revolver] was found in his backpack, and
Officer Mallozzi confirmed that [Aruai] had a permit through Philadelphia
County.

*Commonwealth v. Aruai*, No. 3505 EDA 2012, Jan. 31, 2014 Superior Ct. Op. at 1-2

(quoting CP-46-CR-0003303-2012, Feb. 19, 2013 Trial Ct. Op. at 1-2); Crocker and

Falin's Mot. to Dismiss, Ex. D (Doc. No. 6).

On January 15, 2012, Aruai was arrested and charged with making terroristic

threats, recklessly endangering another person and public drunkenness.  Criminal

Docket CP-46-CR-0003303-2012, Crocker and Falin's Mot. to Dismiss, Ex. B at 2 (Doc.

No. 6).  The reckless endangerment charge was dismissed at a preliminary hearing.

*Id.*; Am. Compl. ¶ 15 at 9 (Doc. No. 4).  On November 26, 2012, after a bench trial,

Judge O'Neill found Aruai guilty of public drunkenness and not guilty of making

terroristic threats.  Aruai was sentenced to pay a fine of $200.  Superior Ct. Op. at 2-3.

On appeal to the Superior Court of Pennsylvania, Aruai challenged the

sufficiency of the evidence.  A divided panel of the Superior Court found that there was

insufficient evidence that Aruai was "obviously intoxicated" and vacated the judgment of

sentence.  *Id.* at 4-9.

In his amended complaint, Aruai contends that Mallozzi deprived him of his rights

by wrongfully detaining, charging and imprisoning him.  He alleges that Mallozzi did not

have an arrest warrant or probable cause to arrest him and failed to read him his

3

*Miranda* rights.  He claims, without any supporting factual allegations, that Lansdale Borough failed to properly train and supervise its employees.  He accuses Cornell, the editor of *The Reporter*, of false light publication, libel and written defamation.  He contends that prosecutor Crocker acted with bias and malice[1] by colluding with the trial judge[2] to deprive him of his civil rights.  Finally, he argues that Falin acted maliciously and negligently in defending the trial judge's decision on appeal to the Superior Court.[3]

---

[1] The allegation with respect to Crocker is as follows:

> Defendant Erik is being sued for his civil conspiracy and unjustifiable mischievous. He colluded with the trial judge to deprive the plaintiff's civil right and privilege.  The Defendant Erik was acting without regard to his oath of office; as he made this re-argument just for his malicious private interest of being bias and that help him secured the conviction of a black man on November 26, 2012.  In the beginning of trial, Eric Crocker accepted the insufficient of each element of the public drunkenness as an excluded evidence for the trial.  Then at the last minute trial argument, he colluded with the defendant Steve O'Neill (trial judge) to re-argue the previously exculpatory evidence of insufficient of each element of public drunkenness.  He was acting under the color of State law.

Am. Compl. ¶ 10 at 8.

[2] The allegation with respect to Judge O'Neill is as follows:

> Defendant is being sued for his civil conspiracy and gross negligence for the deprivation of plaintiff's civil right and privilege, while prejudicial acting under the scope of his official capacity.  He made a privately discriminated gesture; planted, purported, an exculpatory evidenced that help him secured his malicious interest of being bully and bias to convict the black man on November 26, 2012 without regard to his oath of office.

> The commonwealth's witnesses, the bar tender and the arresting police officer gave testimonies, which failed short to start the competent and substantial evidence of the "Terroristic Threat and Public Drunkenness" charges.  The trial judge as a prosecutor had an obligation to dropped or ordered further investigation.  He failed to do his duty because he was judging a man of color, and animal cat in his view; and that he was privately acting under the color of State.

Am. Compl. ¶ 9 at 7.

[3] The allegation with respect to Falin is as follows:

## Standard of Review

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although this standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.*

To overcome a motion to dismiss, the plaintiff's complaint must allege enough facts from which one could reasonably infer that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Pleading only "facts that are 'merely consistent with' a defendant's liability" or that the defendant possibly acted unlawfully is insufficient. *Id.* (citing *Twombly*, 550 U.S. at 557).

In determining whether the complaint meets the *Iqbal-Twombly* sufficiency test, we apply a three-step analysis. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). First, we identify the elements of the plaintiff's cause of action. *Id.* (quoting

---

Defendant is being sued for his civil conspiracy and his wanton negligent that deprived the plaintiff's civil right and privilege. He was acting under his official capacity without regarded to oath of office. He played a major role of his private malicious interest to follow plaintiff, intimidated, title threatened plaintiff, and argue the false alleged criminal charged to the Commonwealth Superior Court. He was unable to grant the monetary relief as requested by the plaintiff. He was acting under the color of State.

Am. Compl. ¶ 11 at 8.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  Second, we discard conclusory statements, leaving only factual allegations.  *Id.*  Third, assuming the truth of the well-pleaded factual allegations, we determine whether they plausibly give rise to an entitlement for relief.  *Id.*

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff.  *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  Additionally, the *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists.  *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).  With these standards in mind, we shall accept as true the facts as they appear in Aruai's amended complaint and draw all reasonable inferences from these facts in his favor.

### Analysis

*Defendants Crocker and Falin – Prosecutorial Immunity*

Prosecutors enjoy absolute immunity from liability for actions taken in judicial proceedings.  *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) (citations omitted), *aff'd sub. nom., Schneyder v. Smith*, 653 F.3d 313, 332 (3d Cir. 2011).  This means activities conducted in court, such as presenting evidence or legal arguments.  *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976))).  The protection

extends to activities outside the courtroom that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler*, 424 U.S. at 430).   Thus, absolute immunity attaches to the prosecutor's decision to initiate a prosecution. *Id.* (citing *Imbler*, 424 U.S. at 424).

Administrative or investigative actions are only protected by qualified immunity, *Van de Kamp*, 555 U.S. at 342 (citing *Imbler*, 424 U.S. at 431, n.33), unless they relate directly to the conduct of a criminal trial. *Schneyder*, 653 F.3d at 334.  A prosecutor's behavior that is totally unrelated to the prosecutorial role or exceeds the scope of his authority is not protected by absolute immunity. *Kulwicki*, 969 F.2d at 1463-64 (citing *Rose v. Bartle*, 871 F.2d 331, 346 (3d Cir. 1989)).

In determining whether the prosecutor's activity is covered by absolute immunity, we take into account what function he was performing. *Van de Kamp*, 555 U.S. at 342 (citation omitted).  This inquiry requires us to analyze the conduct forming the basis for the plaintiff's cause of action. *Schneyder*, 653 F.3d at 332 (citation omitted).  The test is whether the actions clearly serve the prosecutorial function.  If they do, the prosecutor is entitled to absolute immunity.

Aruai claims that Crocker conspired with Judge O'Neill to bring criminal charges against him despite insufficient evidence.  Am. Compl. ¶ 22 at 18-19.  According to Aruai, Crocker was motivated by a racial animus and "favoritism" in choosing to prosecute him instead of his white accuser.

Crocker enjoys absolute immunity from any claims arising from his decision to prosecute Aruai. *Van de Kamp*, 555 U.S. at 341; *see also Giuffre*, 31 F.3d at 1252

("The decision to initiate a prosecution is at the core of a prosecutor's role.") (quoting *Kulwicki*, 969 F.2d at 1463-64) (citation omitted).  The decision to bring charges and to prosecute the case in court, including presentation of the evidence and witnesses, are clearly within the prosecutorial function.  *See Kalina v. Fletcher*, 522 U.S. 118, 125-26 (1997); *Imbler*, 424 U.S. at 431.

Aruai alleges that Falin maliciously intimidated him and argued the "false alleged criminal charge[s]" on appeal to the Superior Court.  Am. Compl. ¶ 11 at 8.  Falin also did not "grant the monetary relief" that Aruai requested.  *Id.*  In other words, Aruai contends that Falin is liable for seeking to uphold the conviction on appeal to the Superior Court.  Falin's representation of the Commonwealth on appeal is conduct protected by absolute prosecutorial immunity.

Because Aruai's claims against Crocker and Falin are based on their conduct as prosecutors in connection with the initiation and prosecution of the case, Crocker and Falin are protected by absolute immunity.

*Judge O'Neill – Judicial Immunity*

Judges enjoy absolute immunity for judicial acts performed while presiding in cases over which they have jurisdiction.  *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768-69 (3d Cir. 2000); *Feingold v. Hill*, 521 A.2d 33, 36 (Pa. Super. 1987).  Legal or factual error, personal malice, or the performance of an act in excess of jurisdiction will not remove the cloak of judicial immunity.  *Gallas*, 211 F.3d at 769.

The protection of judicial immunity is lost only when a judge performs a non-judicial act or acts in a "clear absence of all jurisdiction."  *Gallas*, 211 F.3d at 769

8

(citations omitted); *Feingold*, 521 A.2d at 36.  Evaluating whether a judge has acted in the clear absence of all jurisdiction focuses on whether the act was one normally performed by a judge and at that time the parties had interacted with him in his judicial capacity.  *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

Aruai contends that Judge O'Neill violated his equal protection rights "through a civil conspiracy and a gross negligence."  Am. Compl. ¶ 21 at 15.  He accuses Judge O'Neill of intimidating and threatening him, and "falsely" convicting him despite the lack of evidence.  *Id.* ¶ 21 at 16-17.  He also alleges that Judge O'Neill should have allowed his counsel to introduce the accuser's past criminal record.  *Id.* ¶ 21 at 16.  According to Aruai, "[Judge O'Neill] rejected the requested revelation of such evidence.  He [made] a discriminatory [comment] that by allowing such an evidentiary revelation; then, the cat will be out the bag, meaning the black minority (plaintiff), was an animal cat in his view . . . ."  *Id.*  Finally, Aruai contends that Judge O'Neill, "as a prosecutor," had an obligation to drop the charges or order further investigation after the Commonwealth's witnesses failed to provide sufficient evidence to support a conviction.  *Id.* ¶ 21 at 17.

Aside from his fundamental misunderstanding of a judge's role, Aruai has not alleged any facts that Judge O'Neill either performed a non-judicial act or acted without jurisdiction.  On the contrary, he complains of what Judge O'Neill did during the criminal trial.  When Judge O'Neill presided over Aruai's trial, made evidentiary rulings and rendered a verdict, he was performing his judicial role.  Thus, because his acts were

performed in the course of judicial proceedings over which he had jurisdiction and he was acting in his judicial capacity, Judge O'Neill is entitled to absolute immunity.[4]

The Reporter Defendants[5]

*The Reporter* published two articles about Aruai's proceedings.[6]   The first, under the headline "Hearing for Man Accused of Brandishing Revolver Continued," was published on February 2, 2012.[7]   It reported the charges against Aruai, the rescheduling of his preliminary hearing and his posting bail.   The second article, appearing in the April 17, 2012 edition, recounted what happened at Aruai's preliminary hearing.[8]

---

[4] *See Robinson v. Smyth*, 258 F. App'x 469, 470 (3d Cir. 2007) (holding that state court judge is absolutely immune from suit for money damages based on judge's actions during plaintiff's criminal trial); *Rivers v. King*, 23 F. App'x 905, 908 (10th Cir. 2001) (affirming dismissal of plaintiff's claims against four state court judges for double jeopardy and excessive bail because the judges were acting in their judicial capacity and thus entitled to absolute immunity); *Santos v. New Jersey*, Civ. A. No. 09-1804, 2009 WL 2778320, at *4 (D.N.J. Aug. 31, 2009) (holding that claims involving the setting of bail and oversight of state criminal proceedings are judicial acts), *aff'd*, 393 F. App'x 893, 894-95 (3d Cir. 2010).

[5] Because we conclude that Aruai has failed to state a claim on the merits, we do not address the Reporter defendants' motion to dismiss for failure to effectuate service pursuant to Rule 12(b)(5).

[6] A trial court has discretion to address evidence outside the complaint when ruling on a motion to dismiss.   *See Kulwicki*, 969 F.2d at 1462 (citing 5A Wright & Miller, Fed. Prac. & Proc. § 1366, at 491 (1990)).

> "[T]he court may consider documents which are attached to or submitted with the complaint, as well as legal arguments presented in memorandums or briefs and arguments of counsel.   Further, documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered. . . . Documents that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim; as such, they may be considered by the court."

*Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation and emphasis omitted). Aruai references the articles in his complaint.   Accordingly, we may consider the articles without converting a motion to dismiss to one for summary judgment.

[7] Mem. in Supp. of Mot. to Quash Service of Summons and to Dismiss of Defs. Ann Cornell and *The Reporter* ("Reporter Defs.' Mem."), Ex. A (Doc. No. 11-2).

[8] Reporter Defs.' Mem., Ex. B (Doc. No. 11-3).

Bearing the headline "Terroristic Threats Charge from Lansdale Incident Held Over," the article reported that the reckless endangerment charge was dismissed and Aruai was held over on charges of terroristic threats and public drunkenness.[9]  The article included Aruai's photograph with the caption, "Paulo Dut Aruai leaves Montgomery County District Court on Tuesday, April 17, 2012.  Aruai faces charges of terroristic threats and public drunkenness."[10]

Section 1983 requires a plaintiff to show that he was deprived of a federal constitutional or statutory right by a person acting under the color of state law.  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).  The question of whether a private actor qualifies as a state actor hinges on "whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  *Id.* (citations and quotations omitted).  In determining whether state action exists, we consider whether: (1) the private entity was exercising powers traditionally within the exclusive prerogative of the state; (2) the private party acted with the aid of or in concert with state officials, *id.* at 646, and (3) there is a "sufficiently close nexus between the state and the *challenged* action of the regulated entity so that the action may be fairly treated as that of the State itself."  *Id.* at 646, 648 (citations and quotations omitted) (emphasis in original).

There are no facts in the complaint alleging that the Reporter defendants are state actors.  Nor can we infer from the facts alleged that they are.  According to Aruai,

---

[9] *Id.*

[10] *Id.*

the "Borough office of local District Judge invited the Newspaper's journalist into the Court house property during the Court session where the plaintiff's picture was taken without his consent and posted in the Google search Website.  This posted of plaintiff false criminal arrested and charged had resulted into written defamation, false light publication, and libel damaged to the plaintiff's reputation to find jobs."  Am. Compl. ¶ 19 at 13.   These allegations, accepted as true, do not establish that the Reporter defendants are state actors.   *See, e.g.*, *Fisk v. Letterman*, 401 F. Supp. 2d 362, 377 (S.D.N.Y. 2005) ("Communications between a private and a state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make the private party a state actor.") (citation omitted); *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("[M]ere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983 . . . ."); *Commonwealth v. Contakos*, 453 A.2d 578, 580, 584 (Pa. 1982) (holding that "[i]n Pennsylvania it is *specifically* and constitutionally mandated that courts shall be open.") (emphasis in original).

Aruai has not alleged that the Reporter defendants infringed a constitutional or federal right or interest.  Nor has he averred any facts that cast them as state actors.  Therefore, he has failed to state a § 1983 claim against the Reporter defendants.

### Conspiracy Claim

Aruai alleges that the Reporter defendants conspired with Lansdale Borough to deprive him of state law rights based on his race in violation of § 1985(3).  Am. Compl. ¶ 8 at 6, ¶ 19 at 13.  According to Aruai:

> [T]he Lansdale Borough office of the local District Judge . . . colluded with the local Newspaper for the deprivation and false light publication of plaintiff's criminal arrested.  The Borough Office of local District Judge invited the Newspaper's journalist into the Court house property during the Court session where the plaintiff's picture was taken without his consent and posted in the Google search Website.  This posted of plaintiff false criminal arrested and charged had resulted into written defamation, false light publication, and libel damaged to the plaintiff's reputation to find jobs . . . .

*Id.* ¶ 19 at 13.

To establish a claim under 42 U.S.C. § 1985(3),[11] a plaintiff must plead: (1) a conspiracy; (2) the purpose of which was to deprive, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) at least one of the conspirators committed an act in furtherance of the conspiracy; and (4) the plaintiff was injured in his person or property or deprived of a right or privilege of a citizen of the United States.  *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983)).

Causes of action brought under § 1985(3) are limited to only those conspiracies that seek to deprive persons of constitutionally protected rights, privileges and immunities "that are protected against private, as well as official encroachment." *Libertad v. Welch*, 53 F.3d 428, 446–50 (1st Cir. 1995); *Brown v. Philip Morris Inc.*, 250 F.3d 789, 806 (3d Cir. 2001) (Section 1985 claim may not be based on the allegation that a plaintiff's private contract rights under Section 1981 were violated).  The Supreme

---

[11] Section 1985(3) is the only possible section that could apply to Aruai's allegations.  Section 1985(3) prohibits conspiracies to deprive a "person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."  42 U.S.C. § 1985(3).

Court has recognized only two rights protected by § 1985(3): the right to be free from involuntary servitude and the right to travel interstate.  *See Brown*, 250 F.3d at 805 (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993)).

Aruai's conspiracy claim against the Reporter defendants is based on state law causes of action for "false light publication, libel, and written defamation damage."  Am. Compl. ¶ 8 at 6.  State law claims cannot support an action under § 1985(3).  *See Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979) (holding that a plaintiff cannot base a § 1985(3) claim against private actors on any statutory rights, including claims under Title VII); *Brown*, 250 F.3d at 805-06 (same with respect to § 1981, § 1982, contract and property claims).  Thus, he has not stated a federal cause of action for civil conspiracy.

It is not enough for a plaintiff to allege concerted action by merely claiming that the defendants must have participated or agreed, somehow, to air allegedly wrongful information.  Nor is it sufficient to pepper the complaint with allegations that the defendants engaged in a "civil conspiracy to deprive the plaintiff" of his civil rights and privileges.[12]  *Aultman v. Padgett*, No. Civ. A. 03-3261, 2003 WL 22358445, at *5 (E.D. Pa. Sept. 10, 2003) (holding that even under the liberal pleading standard accorded the *pro se* plaintiff, he had failed to allege the existence of a conspiracy to deprive him of his constitutional rights, as well as specific facts to support such a claim).  Aruai only alleges that the district judge invited the reporter into the courtroom in the course of

---

[12] Am. Compl. at 2.

14

criminal proceedings.  Judicial proceedings are open to the public.  These allegations are insufficient to state a civil conspiracy claim.

*Section 1986 Claim*

Aruai also asserts a violation of § 1986, which provides a damages remedy against individuals who fail to prevent a § 1985(3) conspiracy.  He does not plead any facts to support this claim.

Aruai cannot make out a § 1986 claim because a § 1985 violation is a pre-requisite.  42 U.S.C. § 1986.  Section 1986 is a "companion to Section 1985(3) and provides a plaintiff with a cause of action against any person who, knowing that a violation of Section 1985 is about to be committed and possessing the power to prevent its occurrence, fails to take action to frustrate its execution."  *McCauley v. Computer Aid Inc.*, 447 F. Supp. 2d 469, 476 (E.D. Pa. 2006), *aff'd*, 242 F. App'x 810, 813 (3d Cir. 2007); *see also Remillard v. City of Egg Harbor*, 424 F. Supp. 2d 766, 768 n.3 (D.N.J. 2006) (plaintiffs could not recover under § 1986 because they did not allege that defendants had violated § 1985(3)).  Therefore, because Aruai has not stated a cause of action under § 1985, his claim under § 1986 necessarily fails because "transgressions of § 1986 by definition depend on a pre-existing violation of § 1985 . . . ."  *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (citing *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)); *Robison v. Canterbury Village, Inc.*, 848 F.2d 424, 431 n.10 (3d Cir. 1988).

*Remaining State Law Claims*

A district court may decline to exercise supplemental jurisdiction over a related state court claim if all claims over which it has original jurisdiction are dismissed. 28 U.S.C. § 1367(c)(3). If all federal claims are dismissed before trial, "the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification" for retaining jurisdiction. *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original) (citation omitted). No extraordinary circumstances exist here. Accordingly, we decline to exercise supplemental jurisdiction over Aruai's state law claims.

## Conclusion

Because Crocker and Falin are entitled to prosecutorial immunity, Judge O'Neill is protected by judicial immunity and Aruai has failed to state a claim against the Reporter defendants, we shall grant the respective motions to dismiss as to defendants Crocker, Falin, O'Neill, *The Reporter* and Cornell. At the same time, we shall grant Aruai leave to amend his complaint.[13]

---

[13] A district court should generally provide a *pro se* plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Plaintiff is reminded that he must articulate the factual basis for any claims that he intends to pursue and describe the acts or failures to act that render each defendant liable to him for damages.